Filed 9/7/22  P. v. George CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D080044 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD275691) |
| MARVIN JAMES GEORGE, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Timothy R. Walsh, Judge.  Affirmed.

Marvin J. George, in pro. per; and John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In 2018, Marvin James George pleaded guilty to two counts of driving under the influence of alcohol causing injury (Veh. Code, § 23153, subds. (a) and (b)) and one count of unlawful driving (Veh. Code, § 20001, subd. (a)).

George admitted a serious bodily injury enhancement (Pen. Code,[1] § 12022.7, subd. (a)), a prison prior (§ 667.5, subd. (b)), a serious felony prior (§ 667, subd. (a)(1)) and two prior strike convictions (§ 667, subds.(b)-(i)).

George was sentenced to an indeterminate term of 25 years to life plus a determinate term of 14 years in prison.

In 2019, the case was remanded to the trial court to permit the court to consider whether to dismiss the serious felony prior. On remand, the court declined to strike the prior.

George appealed and this court ordered the prison prior enhancement stricken and otherwise affirmed the judgment. (*People v. George* (Jan. 13, 2020, D076506) [nonpub. opn.].)

George filed several habeas petitions, all of which were denied. He thereafter filed a petition to recall and resentence his three strikes sentence under section 1170.126. The trial court denied the petition, finding George's third strike was a violent offense and he was thus ineligible for resentencing.

George filed a timely notice of appeal.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), indicating counsel has been unable to identify any arguable issues for reversal on appeal. Counsel asks the court to review the record for error as mandated by *Wende*. We offered George the opportunity to

---

[1]	All further statutory references are to the Penal Code unless otherwise specified.

file his own brief on appeal.  George has responded with a supplemental brief which we will discuss below.

## DISCUSSION[2]

As we have noted, appellate counsel has filed a *Wende* brief and asks the court to review the record for error.  To assist the court in its review and in compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel has identified an issue that was considered in evaluating the potential merits of this appeal:  Whether the trial court erred in denying George's petition for resentencing.

In his supplemental brief, George raises a number of "issues," most of which are outside this record or relate to his trial.  He contends the great bodily injury enhancement is invalid, his current strike is not violent and that his trial counsel was ineffective.  We have considered his list of possible issues and find none raises an arguable issue for reversal on appeal.

We have reviewed the entire record as required by *Wende* and *Anders.* we have not discovered any arguable issues for reversal on appeal. Competent counsel has represented George on this appeal.

---

[2]    It is not necessary to review the facts of the offense in order to resolve this appeal.  We will omit the traditional statement of facts.

DISPOSITION

The order denying George's petition for resentencing under section 1170.126 is affirmed.

HUFFMAN, J.

WE CONCUR:


McCONNELL, P. J.


HALLER, J.

4